1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                                  AT SEATTLE

10   FREDERICK W. BAUER,                    CASE NO. C10-1176 MJP

11                    Plaintiff,            ORDER DENYING CERTIFICATE
                                            OF APPEALABILITY
12        v.

13   U.S. ATTORNEY GENERAL,

14                    Defendant.

15

16        This comes before the Court on Petitioner's Notice of Appeal, (Dkt. No. 15), and the

17   Ninth Circuit's order for limited remand.  (Dkt. No. 23.)  Pursuant to the Ninth Circuit's decision

18   in United States v. Asrar, this Court treats Petitioner's notice as a request for a certificate of

19   appealability.  116 F.3d 1268, 1270 (9th Cir. 1997).   For the reasons set forth below, the Court

20   DENIES Petitioner's request for a certificate of appealability.

21        28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue "only if the

22   applicant has made a substantial showing of the denial of a constitutional right."  To satisfy this

23   standard, petitioners must show "that reasonable jurists could debate whether . . . the petition

24   should have been resolved in a different manner or that the issues presented were 'adequate to

1    deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1603-04

2    (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).    To make such a showing,

3    Petitioner must demonstrate "reasonable jurists could debate whether (or, for that matter, agree

4    that) the petition should have been resolved in a different manner of that the issues presented

5    were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S.

6    322, 336 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)) (internal quotations

7    omitted) (further noting that this showing does not require a showing that the appeal will

8    necessarily succeed).

9            Mr. Bauer's petition for habeas relief does not rise to the level that would merit a

10   certificate of appealability.  As Magistrate Judge Donohue discussed and this Court agreed, this

11   Court does not have jurisdiction to consider his habeas petition.  (<u>See</u> Dkt. No. 6.)  A habeas

12   petition filed pursuant to § 2241 or § 2255 must be heard in the district where petitioner is under

13   custody.  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000).  A district court typically

14   has personal jurisdiction over a petitioner's warden only when the petitioner's place of

15   confinement is within the territorial limits of the district court.  <u>Rumsfeld v. Padilla</u>, 542 U.S.

16   426, 434-35 (2004).  Here, Petitioner is incarcerated at the Federal Correctional Institution in

17   Littleton, Colorado based on federal drug and tax convictions in the Western District of

18   Washington.  (Dkt. 1-2, at 1—2).  The Western District of Washington has no connection to this

19   matter.  As such, the Western District of Washington has no jurisdiction to consider the merits

20   and a reasonable jurist would not have resolved the petition in a different manner.

21           \\

22           \\

23           \\

24

1       It is ORDERED that Petitioner's request for a Certificate of Appealability is DENIED.

2  The Clerk is directed to transmit a copy of this Order to all counsel of record and mail a copy to

3  Petitioner.

4       Dated this 9th day of February, 2011.

Marsha J. Pechman
United States District Judge

ORDER DENYING CERTIFICATE OF
APPEALABILITY- 3